863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald Jerome MYLER, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF EDUCATION, SECRETARY, Defendant-Appellee.
 No. 88-1478.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1988.
 
 Before LIVELY and NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan state resident appeals the district court's dismissal of his civil complaint. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, plaintiff sued the defendant Secretary of Education alleging that the Secretary unreasonably delayed the collection of plaintiff's delinquent student loans. Although the pleadings are far from clear, it appears that plaintiff's basic complaint is that the Secretary should have instituted collection proceedings at an earlier date while plaintiff was gainfully employed. The district court dismissed the complaint for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), finding that the suit was barred by the doctrine of sovereign immunity.
 
 
 3
 Upon review, we affirm the district court's judgment. The district court lacked subject matter jurisdiction to entertain this suit because Congress has not waived the government's sovereign immunity in respect to a complaint that the Secretary of Education allegedly procrastinated in collecting plaintiff's student loans. See United States v. Mitchell, 445 U.S. 535, 538 (1980); Ghandi v. City of Detroit, 747 F.2d 338, 342-43 (6th Cir.1984).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.